## THOMPSON & ROSE v. S. P. and C. B. TYLER.

No. 709.    Opinion Filed January 10, 1911.

1. **APPEAL AND ERROR—Exclusion of Evidence of Admitted Facts.** The exclusion of evidence tending to prove an issue of fact joined by the pleadings is not reversible error when it appears from the record that that issue has been admitted by counsel for the party prosecuting the proceeding in error.

2. **APPEAL AND ERROR—Instructions—Necessity of Requests and Objections.** The failure of the trial court to instruct the jury that three-fourths of their number concurring may return a verdict is not reversible error when the verdict is unanimous, and the record shows that there was no request for such an instruction and no objection made or exception saved to the action of the court in not giving such instruction.

(Syllabus by the Court.)

*Error from District Court, Love County; S. H. Russell, Judge.*

Action by S. P. and C. B. Tyler against Thompson & Rose. Judgment for plaintiffs, and defendants bring error. Affirmed.

*John R. McCalla,* for plaintiffs in error.
*B. C. Logsdon,* for defendants in error.

KANE, J. This was an action for damages, commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below, for injury done to growing crops by trespassing cattle. On a trial before a jury there was a verdict for the plaintiffs, on which judgment was entered, to reverse which this proceeding in error was commenced.

The errors argued by counsel for plaintiffs in error in his brief are: (1) That the testimony of the witness Thompson should not have been excluded from the jury by the court; (2) That the court erred in not instructing the jury that three-fourths of them concurring might return a verdict in said cause. The evidence excluded was offered for the purpose of showing the nature of the tenure of the defendant in error in the premises on which he kept the cattle alleged to have committed the tres-

pass. There seems to have been no particular controversy on that proposition in the court below. One of the defendants testified:

"Q. You had cattle in that pasture? A. After I bought Robinson's cattle and his lease on the pasture, I did. Up to that time I had no cattle on the pasture." .

Another witness testified:

"Q. I will get you to state, Mr. Thompson, if you know when Thompson & Rose took possession of this pasture? A. Yes, I know when they bought Robinson's lease."

George Robinson, one of the owners of the original lease on. the pasture, testified:

"Q. What time did Thompson & Rose go into possession of this pasture? A. Why, it must have been sometime in April; I don't know the dates. Q. Early or latter part of April? A. I couldn't say when; only in the spring; I sold out to them; I don't know the date.".

Upon counsel for the plaintiff offering this lease to the witness for identification, the court said: "Is there any issue about that? I think they admitted that." Counsel for defendant answered, "There never has been any"; whereupon counsel for plaintiff said, "They denied they took up this contract"; and counsel for defendant answered, "No, we didn't deny that." In so far as the assignment of the Robinson lease is material to the case, it must be held to have been fully established by the admissions of the parties, and the exclusion of further evidence tending to prove an admitted fact cannot be prejudicial error.

On the second assignment, we are unable to see how the defendants were injured by the failure of the court to instruct the jury that three-fourths of their number concurring mignt return a verdict in said cause. The verdict seems to have been a unanimous verdict against the defendants, and no doubt would have been the same if the instruction had been given. Besides, no point was made on this question in the court below and no objection was made and no exceptions saved to the action of the court below in not giving said instruction. Under these circumstances the Supreme Court on appeal will not consider an assignment of error based on a failure of the trial court to instruct the

JANUARY TERM, 1911.—VOL. XXVII. 731

jury that three-fourths of the whole number of jurors concurring shall have power to render a verdict. Finding no reversible error in the record, the judgment of the court below is affirmed.

DUNN, C. J., and TURNER and WILLIAMS, JJ., concur; HAYES, J., not participating.