A.B. Guthrie commenced this action in the district court of McCurtain county against McCurtain Cotton Oil Company, a corporation, and alleged in part in his petition that, in August, 1922, he and the defendant corporation entered into a written contract by the terms of which the defendant employed him for a period of two years at a monthly wage of $100 per month; that such contract was entered into and signed on behalf of the corporation by its duly authorized agent and representative, W.L. Loflin; that after its execution and delivery such contract was delivered by the plaintiff, Guthrie, to one Warmack, who was manager of the defendant company's plant at Idabel, Okla., for safekeeping, and that defendant now refuses to surrender such contract, and plaintiff is unable to attach a copy thereof; that, pursuant to the terms of the contract, plaintiff entered into the employment and faithfully performed the terms thereof until the defendant, without cause and in violation of the terms of the agreement, discharged him in writing, and refused to carry out the terms of the contract; that plaintiff had at all times offered to perform his part of the agreement, and he prayed judgment for the sum of $550, the balance alleged to be due under the contract.
The defendant corporation filed its answer generally denying the allegations of plaintiff's petition except that it was a corporation, and specifically denied that it ever executed or entered into the contract alleged by plaintiff; denied that Loflin was its agent, or had any authority whatsoever as an agent or officer of the defendant, and alleged that one A.E. Warmack, on behalf of the corporation, orally employed plaintiff to work for the defendant during the pleasure of the defendant for no stated time or term and the employment was revokable at the pleasure of either party; denied that it discharged defendant in writing, and further alleged that plaintiff did or could have received other employment and earned a sum therefor in excess of the amount claimed to be due by the defendant. The answer was verified by A.W. Warmack, who is designated therein as secretary of the defendant corporation.
The action was tried to a jury resulting in a verdict and judgment in favor of the *Page 145 
plaintiff for the amount prayed for, and the defendant brings this appeal.
Under the head of "Errors Occurring at the Trial," plaintiff in error presents as a ground for reversal the action of the trial court in admitting in evidence certain letters over objection of the defendant below, one by the plaintiff, about the time he learned he was to be discharged, addressed to a Mr. Collman at Hope, Ark., who was general manager of the defendant corporation, in which letter the plaintiff asserted in part that he had a two-year written contract of employment with the defendant corporation, referring to the alleged contract sued on, and called attention to the fact that he had served only 18 months under the contract, and suggested that since the company was in hard luck, he would be willing to accept $50 per month during the summer months, the balance to be paid in the fall, and stating that he could do certain needed work at the plant. It was admitted in connection with the answer thereto, which acknowledged receipt of plaintiff's letter, and stated that the season at the Idabel plant had been a most unprofitable one, and that it was natural to make a strenuous effort to permanently reduce expenses, and further stated:
"I went into your case a little further with Mr. Howson the other day, and he will in turn discuss the matter with Mr. Warmack, and you may expect to hear from us definitely within the next five or six days."
About two weeks from the date of such answer, the plaintiff received a letter signed "Temple Cotton Oil Company, F.E. Howson, Manager, Ashdown, Ark.," advising him (plaintiff) that, on account of the season being so unprofitable and losses incurrent thereby, his services would have to be dispensed with, and enclosing a check covering wages to the date of discharge. The second letter written by plaintiff was addressed to Mr. Howson, and in response to the letter of discharge, and reiterated his claim of employment and tendered his services for the unexpired period of the alleged contract.
It is contended by plaintiff in error that the letters written by the plaintiff were self-serving statements, that none of the correspondence was within the issues, and that its admission constituted reversible error and cites certain cases and authorities sustaining the general rule that self-serving statements or declarations are inadmissible.
Plaintiff below alleged in his petition that he was discharged in writing while the defendant's answer contains the following paragraph:
"Denies that on or about the 15th day of March, 1924, or at any other time the defendant discharged the plaintiff by written discharge or letter."
Mr. Warmack, local manager of the Idabel plant, testified in accord with the allegations of the answer, to the fact that the alleged agent, Loflin, had no authority to employ the plaintiff, and that he, Warmack, orally employed plaintiff on behalf of the defendant company; that defendant's services were discontinued because his work was not satisfactory, and on cross-examination stated that his (witness') pay check came from the Temple Oil Company at Ashdown, Ark., and was signed by Mr. Howson; that the Temple Oil Company owned the defendant corporation; that he, Warmack, discharged the plaintiff.
Under the pleadings and evidence, we are of the opinion that the letters signed by Collman and Howson were admissible under the issues raised by the pleadings, and the evidence given by the secretary and local manager of the defendant company, Mr. Warmack.
The first letter written by the plaintiff was admitted in evidence by the trial court in connection with the answer or answers thereto, possibly, in part under the theory that since the defendant had replied, but had not seen fit to deny, the alleged or asserted contract, such failure was some evidence tending to show that plaintiff's claim was true. Such holding or theory is not without precedent as is referred to in the exceptions or modifications of the general rule in 3 Jones, Commentaries on Evidence, sec. 1050, p. 1933, and cases therein cited.
"The omission of a party to reply to statements in a letter about which he has knowledge, and which, if not true, he would naturally deny, when he replies to other parts of the letter, is evidence tending to show that the statements so made and not denied, are true." Fenno v. Weston, 31 Vt. 345.
Assuming, however, without deciding, that the letters by plaintiff came within the general rule relating to self-serving declarations, or statements, and their admission was technically improper, we are of the opinion, nevertheless, that such admission does not require a reversal of the judgment in the present case under the record here presented by reason of the following established rules:
"Where there is direct evidence as to the same matters as to which a party's declaration *Page 146 
has been admitted in evidence against the objection that it was self-serving, the admission of the declaration, even if technically improper, cannot be regarded as prejudicial error." 22 C. J. 230.
See the case of Wilmoth v. Hamilton, 127 Fed. 48, cited in support of above rule.
"A rule which has been stated and applied many times by reviewing courts is that admission of improper and objectionable evidence is harmless error where the fact involved is fully and clearly established by other evdence which is competent." 4 C. J. 975.
Plaintiff testified to substantially the same material facts as asserted in his letter, that he made the two-year contract as alleged, and at all times offered to perform under the terms thereof; in other words, he introduced direct competent evidence on the same matter as asserted in his letter, and we conclude defendant was not harmed by the admission of the letters. We find no reversible error under the first proposition presented by plaintiff in error.
The next proposition presented and argued in the brief of plaintiff in error is that the court erred in giving instructions Nos. 1 and 2, and in refusing to give certain requested instructions. Defendant below requested that the jury be instructed to return a verdict in its favor, and the question raised thereby is presented and considered under the later assignment herein, "that the judgment is not sustained by the evidence."
Defendant's requested instruction No. 3 was to the effect that plaintiff must prove by a preponderance of the evidence that a contract was made with him by W.L. Loflin, and that Loflin was authorized by the defendant corporation to employ plaintiff and had authority to make the contract of employment. We see nothing objectionable in the requested instruction, but, in our opinion, it was, in effect, embodied in the general instructions given by the court, and no error is shown in refusing to give the same as a separate instruction. The trial court, in stating the issues to the jury in his instructions, informed them of the basis of plaintiff's claim, that is, of the alleged contract relied upon by plaintiff and his dismissal by the defendant corporation prior to the expiration of the contract, and further informed the jury that the defendant denied that it had employed the plaintiff for a period of two years, and specifically denied that W.L. Loflin was its agent or had any authority or right to enter into a contract of employment with the plaintiff for and on behalf of the defendant company, and further that the defendant company contended that its manager, Warmack, employed the plaintiff to work for them by the month.
Instruction No. 1, given by the court, informed the jurors that if they believed from the evidence that the defendant company entered into a written contract with the plaintiff whereby the company employed the plaintiff for a period of two years, and that it discharged him prior to the expiration of the two years while he was performing the services which he had agreed to perform, then the verdict should be for the plaintiff. The objection to the instruction, as we gather from the brief of the plaintiff in error, is that it did not inform the jury how the defendant corporation could enter into a contract, that is, that it did not submit the question or right therein of the alleged agent, Loflin, to make the contract as embodied in its requested instruction No. 3. We do not believe the jury failed to understand from all the instructions that, in order to return a verdict for plaintiff, they must find that the defendant corporation entered into the contract of employment through its alleged agent, Loflin, and that Loflin had authority to make such a contract. The defendant below objected to instruction No. 2, and contends it was given under the theory that the defendant had ratified the supposed contract between Loflin and plaintiff; that it is erroneous in that it assumes a state of facts to exist on which there was no proof; that it ignores the principle of law that, before there can be a ratification of an unauthorized contract, the party that it is claimed ratified the same must have full knowledge of all the facts, and that the court assumed as true the statement of plaintiff that he handed the contract to the manager of the defendant company who read it. We are unable to agree with the theory of counsel for plaintiff in error on instruction No. 2. We fail to see wherein the same assumes as true any statement of fact that was in issue. The plaintiff alleged in his pleadings that he entered into the contract sued on with the defendant corporation acting by and through its duly authorized agent and representative, and that pursuant to the terms thereof he entered into the employment of defendant and apparently presented his case and tried the same on that theory, and not upon the theory of ratification by the corporation of an unauthorized contract. Instruction No. 2 advised the jury that if they believed from the evidence that the plaintiff and W.L. Loflin entered into negotiations for the employment *Page 147 
of the plaintiff for the defendant company, and that after such negotiations the said Loflin wrote a letter or contract by the terms of which the plaintiff was to perform certain services for the defendant for a period of two years, and that after receipt of the contract the plaintiff entered into the employ of the defendant company by reason of the contract and did perform services for the defendant company, and the defendant company, in compliance with the terms of the contract accepted the services of the plaintiff for a period of 18 1/2 months, then, and in that event, and under such circumstances, the defendant company would be bound by the contract of employment, if such a contract was made.
Even if it should be said that the verdict was based on the theory of ratification of the agreement rather than upon a finding that the agent was authorized to make the contract for and on behalf of the defendant company, then the instruction embodied the essential element of a ratification in that the jury was advised that if:
"The defendant company in compliance with the terms of theletter or contract, accepted the services of the plaintiff * * *, then and in that event, and under such circumstances, the defendant company would be bound by the contract of employment if such a contract was made."
The plaintiff testified that he read the contract of employment to Mr. Warmack, the local manager of the defendant company at Idabel, and delivered the same to him for safekeeping. Mr. Warmack, in his testimony, denied having ever received such contract, and that issue became one of fact to be determined by the jury in deciding whether the defendant company in compliance with the terms of the contract accepted the services of plaintiff as directed in the instructions. The instructions further informed the jury that if they should find and believe from the evidence that the defendant, through Mr. Warmack or Loflin, employed the plaintiff, but that the contract of employment was from month to month, or for no definite period of time, then the company would have a right to discharge plaintiff at any time, and their verdict should be for the defendant. The instructions also informed the jury that the instructions were to be considered as a whole; that the burden was upon the plaintiff to make out his case by a fair preponderance of the evidence. We are of the opinion from an examination of all the instructions that the issues were reasonably and fairly presented, and that no reversible error is shown in the instructions.
The next assignment presented by plaintiff in error is that the judgment is not sustained by sufficient evidence and is contrary to law. Counsel for plaintiff in error in the beginning of the argument and presentation of the alleged errors states in his brief the following:
"The whole case involved practically only two questions: (a) Did Loflin employ plaintiff; and (b) what authority, if any, did Loflin have?"
We think such statement embodies the questions arising in the case, and are of the opinion that the verdict of the jury answered the first question in the affirmative, and likewise the second to the effect that Loflin was the agent of the defendant company and authorized to enter into the contract on behalf of the corporation.
The evidence in part shows that the defendant was a domestic corporation and owned or controlled by the Temple Cotton Oil Company, which latter company had other plants located in the state of Arkansas, and that some of the officers of the Temple Oil Company were also officers of the defendant company; that Mr. Loflin, with whom the plaintiff, Guthrie, alleged and testified he negotiated, and from whom he received the written contract of employment, was manager of the plant of the Temple Oil Company at Ashdown, Ark.; that all the monthly pay checks received by the plaintiff came from the Temple Oil Company at Ashdown, or Hope, Ark.; that Mr. Loflin was at the plant of the defendant company at Idabel doing certain audit work at the time the alleged contract of employment was negotiated, and that Mr. Warmack, the local manager of the defendant company at Idabel, informed the plaintiff that Mr. Loflin was district manager at Ashdown and Idabel.
In the body of the opinion in Schaff v. Kramer,109 Okla. 109, 235 P. 517, it is said:
"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence. * * * A principal is bound by the apparent, as well as the actual or express, authority given its general agent, where third persons have in good faith acted and relied thereon"
— and several cases are cited therein in support of the statement.
"The question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence and are to be determined *Page 148 
by the jury." Loveland v. Loafman, 92 Okla. 133, 218 P. 851.
See, also, Knupp v. Hubbard, 130 Okla. 111, 265 P. 133, and Catlin v. Reed, 141 Okla. 14, 283 P. 549.
We have read the entire record in this case, and deem it sufficient to say that we are of the opinion that the evidence as a whole is ample and sufficient to sustain the verdict.
In a law action, where the instructions fairly present the issues, the judgment in such a case on appeal will not be disturbed if there is any evidence reasonably tending to support the same.
Finding no reversible error in the record, the judgment of the district court is affirmed.
BENNETT, TEEHEE, DIFFENDAFFER, HERR, and EAGLETON, Commissioners, concur. REID, Commissioner, dissents.
By the Court: It is so ordered.