WOOD v. KERR DRY GOODS CO.

No. 30395. Feb. 3, 1942.

*121 P. 2d 992.*

Charles Hill Johns and W. C. Lewis, both of Oklahoma City, for plaintiff in error.

James H. Ross, of Oklahoma City, for defendant in error.

HURST, J.   In this action Mrs. Trix Wood sought to recover damages for personal injuries from defendant, Kerr Dry Goods Company. Verdict and judgment was for defendant, and plaintiff appeals.

The facts are these: Defendant conducts a department store in Oklahoma City, occupying several floors of a building. In the basement of the building it operates a lunchroom. Plaintiff was employed in defendant's millinery department. On December 29, 1939, at about 11 o'clock in the morning, she went to the lunchroom for her lunch, and fell while making her way to a table, sustaining serious injuries. The floor of the lunchroom was covered with linoleum, which had been waxed the night before. The linoleum had been on the floor for about ten years prior to the date of the accident, and had been regularly waxed every few weeks. Plaintiff had been employed by defendant for five years preceding the accident, and frequently ate in the lunchroom during that time.

In her petition plaintiff alleged that defendant's employees had recently waxed and polished the lunchroom floor, and that thereby it had been made very slick and slippery, and that due to such condition, which was negligently permitted to exist, she slipped and fell. Defendant in its answer denied that the floor was maintained in such condition as to constitute negligence on its part; alleged that the floor covering used was of standard make and material, and was kept and maintained in the ordinary and usual manner, and preserved and polished with recognized materials, and was not slick or slippery. It further pleaded contributory negligence on the part of plaintiff.

Plaintiff contends that the trial court erred in permitting defendant to show (1) that prior to her injury there had been no other accidents in the lunchroom, or complaints as to the condition of the floor; and (2) that the floor covering used in the lunchroom was similar to that used in other places of business in Oklahoma City. Defendant contends that by her failure to object to the introduction of the greater part of this evidence plaintiff is precluded from now complaining of its admission.

Examination of the record discloses that eleven witnesses were questioned by defendant as to the absence of previous accidents due to the condition of the lunchroom floor. The first witness examined at the trial was the plaintiff, and on cross-examination, after she had testified that she went into the lunchroom almost every day, and sometimes several times a day, for meals and soft drinks, she was asked if she had ever seen any person slip on the floor during the five years she had worked for defendant. No objection was made to this question, and she testified that she had not. When one of her witnesses was questioned on the point on cross-examination, her counsel objected and the objection was overruled. Thereafter several witnesses testified for defendant that the floor, at the time plaintiff fell, was in the same condition as it had been during prior years, and on the night preceding the accident had been waxed and polished in the same manner, and with the same materials, as during prior years; that the lunchroom was patronized by a great number of persons, and that no one had ever slipped thereon, or complained that the floor was slippery, prior to plaintiff's accident. Plaintiff made an objection when the second witness testified, and again when the next to the last one testified. All others testified without objection. Some of them were cross-examined by plaintiff's counsel on this point.

Two witnesses testified that linoleum was commonly used as a floor covering by many stores and other places of business. Plaintiff objected to the testimony of the witness Corcoran, who testified that as he walked from defendant's store to the courthouse to attend the trial of the case he observed some 20 places of business whose floors were covered with linoleum. But to such testimony by the witness Carloss, who testified by deposition, plaintiff made no objection. Carloss testified as an expert on the qualities and uses of linoleum, and the effect of waxing it to preserve it. He testified that it was used extensively by business houses as a floor covering, and that it was usually waxed and polished; that such treatment did not make it slippery, and that prior to plaintiff's claim he had heard or known of only one instance where it was contended that an injury was sustained by slipping on linoleum. He was exhaustively cross-examined by plaintiff, both on the general use of linoleum in places of business, and as to the effect of waxing and polishing it.

This court has in numerous cases announced that a party may not complain of the admission of evidence over his objection, where other evidence of the same tenor is admitted without objection. Gafford v. Davis, 58 Okla. 303, 159 P. 490; First Nat. Bank in Tonkawa v. Beatty, 172 Okla. 47, 45 P. 2d 158. We think the rule announced is sound, and that the contention of defendant must be sustained.

Plaintiff relies upon the statement in 3 C. J. 823, to the effect that repetition or renewal of objections is not necessary in order to present error in the admission of improper evidence. But we think that in order to invoke such rule the objection should be made when the first evidence considered objectionable is offered, and should go to the line of evidence rather than to the specific question, or counsel should ask that his objection be considered as going to all evidence offered on that point in order to avoid repetition. 2 R.C.L. 97; 3 Am. Jur. 94. Sporadic objections to such questions are not sufficient.

In view of our holding, we do not consider or pass upon the contentions of plaintiff that the evidence complained of was not relevant or admissible.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur.