ASTLE et al. v. OLMSTEAD.

No. 33156. Dec. 9, 1947.

187 P. 2d 997.

C. L. Armstrong, of Ponca City, for plaintiffs in error.

Roy W. Cox and Charles C. Buhrman, both of Blackwell, for defendant in error.

ARNOLD, J. This is an action by Leavorn Olmstead against N. L. (or Neville L.) Astle, as sole proprietor doing business as Astle Transit Company, and Fred Evans in damages for personal injuries. Verdict and ·judgment for the plaintiff, and defendants appeal.

On December 11, 1945, about 7 or 7:30 p.m., a bus belonging to Astle Transit Company was on its regular route in the city of Blackwell and carrying one passenger. Its route carried it east on Blackwell avenue to South B street where the bus turned in a southerly direction and proceeded south on B street toward its intersection with East Bridge avenue, one block south. At the north entrance to the intersection of South B and East Bridge avenue was a stop sign placed there by the Police Department of the city in conformity with the provisions of a city ordinance. As the bus approached this intersection the car of plaintiff entered the intersection from the west on East Bridge avenue. The bus failed to stop at the stop sign and collided with plaintiff's car about the middle of the intersection resulting in serious personal injuries to the plaintiff and in extensive damage to his car. As a result of the injuries received plaintiff was confined to a hospital for two weeks and incurred medical bills and hospital expenses in addition to time lost from his regular employment. The case was tried to a jury resulting in a verdict in favor of plaintiff for the sum of $3,292.

The parties will be herein referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

For reversal of the judgment defendants rely on two propositions thus stated in their brief:

"(1) Said court erred in admitting evidence on the part of the defendant in error over the objection of plaintiffs in error."

"(2) Said court erred in rendering judgment for the defendant in error."

The only matter presented under the first proposition is alleged error of the court in admitting in evidence a written report of the accident signed by both plaintiff and the defendant, Fred Evans, the driver of the bus, and filed with the Police Department of the city of Blackwell.

In support of their contention of the inadmissibility of this accident report, defendants cite 47 O.S. 1941 §304, and Hadley v. Ross, 195 Okla. 89, 154 P. 2d 939.

The contention made presents a serious question. Granting for the sake of argument that the report in question should have been excluded, its admission could not have been harmful to defendants for the reason the evidence of primary negligence is uncontradicted and the defendant Fred Evans, the only witness for defendant on the question of negligence, testified that he didn't see plaintiff's car entering the intersection until after the front wheels of his bus had passed over the stop sign at the north entrance of the intersection and that when he did notice the car he applied his brakes but found that he had none. He testified that the brakes on the bus were hydraulic brakes and that when he applied them they did not slow or stop the bus. He also testified that the emergency or hand brake on the bus was disconnected so that it was useless. The written report of the accident as signed by both participants in the accident added nothing to the evidence of primary negligence disclosed by the record and was harmless.

As before stated, plaintiff, as a result of the accident, was confined in the hospital at Blackwell for a period of two weeks and incurred medical and hospital bills and lost two weeks from his employment in which he was receiving $225 per month. The testimony shows that his car was reasonably worth $750 prior to the accident and that the estimate of repairs to be made thereon by an automobile mechanic in Blackwell was $375 to $450. Plaintiff subsequently sold the car for $175. Plaintiff received a severe laceration on the left side of his face and on his head and throat besides numerous other scratches and bruises. He had been discharged from service in the army by reason of psychoneurosis induced by battle fatigue in North Africa, Sicily,

and Italy, and testified that during the time since his discharge about a year prior to the accident his condition had greatly improved, but that after the accident it returned and that he was in such a nervous condition thereafter that he couldn't drive a car in city traffic. There was medical testimony introduced which tended to sustain this contention of plaintiff in reference to the effect of the accident on his nervous system.

Defendants contend that the verdict of the jury was excessive and shows the result of passion and prejudice and insist that this court should order a remittitur. We have carefully read the testimony contained in the case-made and are satisfied that no ulterior influence operated on the jury in reaching its verdict. We think the evidence amply sustains the verdict returned and the judgment is affirmed.

HURST, C.J., and BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur.