The CITY OF ENID, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Clyde W. REESER, Defendant in Error.

No. 37944.

Supreme Court of Oklahoma.

Sept. 16, 1958.

McKnight & Gasaway, Enid, for plaintiff in error.

Otjen & Carter, Enid, Frank Carter and Charles G. Huddleston, Enid, of counsel, for defendant in error.

CORN, Vice Chief Justice.

Defendant in error is one of the owners of airplane who, on the evening of April 8, 1956, was renting storage space for them in a hangar operated and maintained at its Woodring Airport by plaintiff in error. About 10 o'clock that night a storm struck the area damaging the hangar and virtually demolishing said airplane, along with some others stored therein. Thereafter, defendant in error and two other owners of airplanes thus wrecked, instituted separate actions, as plaintiffs, against the plaintiff in error, as defendant, to recover the difference in the value of the planes before and after the storm. The three cases were consolidated for trial.

At the trial, the liability of the defendant city was made to depend upon whether or not the damages to the airplanes were proximately caused by defendant's negligence, through its agents and employees, in failing to close the hangar doors before the storm and/or take other precautions against the planes being blown about by the wind, or whether the damages were due to what in law is termed "an act of God" in the form of a storm of unprecedented character. At the close of the trial, the jury returned separate verdicts for the defendant and against each of the plaintiffs, and the court thereafter incorporated them in separate judgments conforming therewith.

Thereafter, each of the plaintiffs filed separate motions for a new trial, alleging, among other errors complained of, that the trial court erred in allowing defendant to introduce into evidence at the joint trial, its Exhibit No. 29. At the hearing on said motions, the court entered separate orders sustaining them on the sole and specific ground that the admission of said Exhibit "was a material error of law which was so prejudicial that it prevented the plaintiff from having a fair trial, and materially affected * * * his rights".

Before the defendant city perfected the present appeal from said order and/or judgment, the parties in the other two cases stipulated that the decision herein would be considered conclusive and binding as to the correctness of the court's granting of a new trial in those cases. Our continued reference to the parties will be by their trial court designations.

In one of its two propositions of error, defendant takes the position that the trial court's granting of a new trial on account of the claimed inadmissibility of defendant's Exhibit No. 29, was error, both because said Exhibit was properly admissible

and because, if such admission was error, it was harmless and therefore insufficient ground for reversal.

The disputed Exhibit was a part of the evidence the defendant introduced to show that the storm in question, was an unprecedented and tornadic one. It was a copy of a document entitled "State Climatologist's Evaluation of Storm" written on a U. S. Department of Commerce Weather Bureau printed form. The only portions thereof containing any affirmative representations were in words and figures as follows:

"Year 1956   Month April   State Oklahoma   Storm Number 24

"A.   Classification of storm _____ Type (Check)

      Tornado _____X

               Accompanying Phenomena (Check)

               Wind_____X

               Rain _____X

               Hail _____X

         * * *

"B.   Basis for classification (Check)

      Newspaper clippings ____X

      Reports of actual witnesses without special training   X

         * * *

      Reports of W. B. meteorologist after visit to storm area   X   HVL

         * * *

"C.   Pertinent facts about the storm

      1.   Number of actual witnesses reporting storm _____several

      2.   Estimate of accuracy of data on this storm

| | X | | | |
|---|---|---|---|---|
| | Excellent | Good | Fair | Poor |

         * * *

      4.   Type of wind damage essentially

| | X |
|---|---|
| Straight Line | Rotating |

      5.   Was there evidence of a local circulation (low) of the order of 10 miles in diameter or less?   X
                                      Yes.

      6.   Other evidence (Check) 2205C SCTD STG 320/60 346/70 308/100

            * * *

      Photographs _____Radar record

      Photographs of damage only   X

            * * *

"D.   Summary of storm information to be used as basis for publication in Climatological Data, National Summary.

             Okla.       Enid

      Place Garfield, Waukomis    Date April 8, 1956    Time 10:15 P.M.

         (State, County, Area)    (Month, Day, Year)

"Width of Path       400
               (Yards)

"Length of Path       8
               (miles)

"Casualties: Number killed       0       Number injured       4
                     (persons)       (persons)

"Damage:  Crops $50,000   Other property   $300,000 to $500,000

"Type of Storm   Tornado

"Remarks: Evidence indicates several tornadoes or funnels aloft skipped around over Garfield County causing widespread damage. The area of greatest destruction was from Waukomis to Enid. Numerous farmsteads in the Waukomis area received complete destruction to barns, outbuildings, livestock killed and farm supplies and equipment destroyed. A semi-trailer was tipped over and thrown 40 ft. Several business establishments received roof and window damage, as well as did many houses. A large number of trees were uprooted and most TV antennas were destroyed. The roof of the high school was lifted and the building was declared unsafe. 75 electric poles were broken over by the twisting winds. In the Enid area 4 persons were injured as the storm moved over the south and east portions of the city. At the municipal airport alone, an estimated $200,000 damage resulted to several hangars and 8 small planes destroyed. The City of Enid estimated $25,000 damage to the street lights; the telephone company estimated $10,000 damage to their system; the electric company estimated $25,000 in just labor to restore their service. Many homes were damaged or destroyed. A large radio antenna was toppled. Hail the size of golf balls along with wind of 90 MPH accompanied the tornado through Enid. Other areas in Garfield County received extensive damage. The Garber community received wind and hail damage, over 300 insurance claims were filed. The Garber school also received severe damage. Six box cars were blown over at Douglas. In Covington a home was destroyed, others damaged, outbuildings destroyed, railroad freight house destroyed, and many windows broken. A severe hailstorm seemingly traveling from East to West in northern Garfield County from Hunter to Helena in Alfalfa County covered a two mile path causing up to 90% crop loss. Southern Grant County also affected by the severe hailstorm with up to 90% loss to wheat crop. Also damage by hail in the area from Breckenridge to north of Garber.

\* \* \*

"I have personally classified this storm on the basis of the foregoing evidence.

"

_____
"Hugo V. Lehrer (Signed)

"This is to certify that the above details and information is a copy of an official report based on the best available unofficial information.

"/s/ Hugo V. Lehrer
"Hugo V. Lehrer
"Weather Bureau State Climatologist
12–17–56."

———◆———

In support of his contention that the above document was inadmissible, plaintiff cites Tit. 12 O.S.1951 Secs. 486 and 502, dealing with the reception into evidence of records and books of public officers and copies of public records. It appears that said document meets neither the requirements of said statutes, nor the common law rule referred to in excerpts from texts on evidence authored by Wigmore and Jones.

This court is committed to the rule that records, made by a public official voluntarily or pursuant to official duty, based entirely upon hearsay, are not admissible in evidence to prove any fact disclosed therein. Expressions of opinions or conclusions purporting to determine cause and effect or expressions involving the exercise of judgment and discretion contained in records of investigations conducted by

public officers pursuant to requirement of law based upon heresay are inadmissible in evidence. Hadley v. Ross, 195 Okl. 89, 154 P.2d 939; Douvas v. Newcomb, Okl., 267 P.2d 600.

A check of Exhibit No. 29 clearly discloses its purpose, an evaluation of a storm, containing conclusions and opinions of the climatologist predicated upon newspaper clippings, reports of actual witnesses without special training, reports by a weather bureau meteorologist after visit to storm area, all of which is purely hearsay. Under the clearly expressed rule it is wholly incompetent.

The defendant, although recognizing this rule and admitting, in effect, the possibility of the incompetency of Exhibit No. 29, takes the position that the matters and things therein disclosed are merely cumulative and by reason thereof, cannot be prejudicial.

It is true that there is evidence of an extensive storm indicating wind varying from 55 to 70 miles per hour, tornadic in character. However, in contrast therewith there is some evidence that it was a strong "plow wind" which is a strong straight wind driving through a narrow area. In addition there is evidence that there was considerable damage to the buildings at the airport. The conclusions expressed in Exhibit No. 29 go far beyond any other testimony adduced, and in our opinion is not cumulative.

It is impossible to determine with exactness the effect such exhibit may have had upon the jury. Suffice it is to say, Exhibit No. 29 being inadmissible, the possibility of prejudicial effect upon the rights of the plaintiff sustains the action of the trial court in the granting of a new trial by reason of the error in admitting same in evidence.

In view of our conclusion that the data and conclusions expressed in Exhibit No. 29 were not cumulative the cases cited and relied upon by defendant, Astle v. Olmstead, 199 Okl. 498, 18 P.2d 997; Thompson & Rose v. Tyler, 27 Okl. 729, 113 P. 709;

McCurtain Cotton Oil Co. v. Guthrie, 146 Okl. 144, 294 P. 133; Kinkade v. Simpson, 200 Okl. 507, 197 P.2d 968; Snyder v. Tulsa Engineering & Const. Co., Okl., 312 P.2d 488; Aldridge v. Patterson, Okl., 276 P.2d 202; Dippel v. Hargrave, 206 Okl. 26, 240 P.2d 1070; Oklahoma Railway Co. v. State, 205 Okl. 325, 237 P.2d 878; Wood v. Kerr Dry Goods Co., 190 Okl. 197, 121 P.2d 992; Moore v. Grimes, 169 Okl. 4, 35 P.2d 944, are inapplicable.

The question for determination by the jury was whether the defendant failed in the performance of its duty to care for the airplane which it had undertaken to do for a stipulated fee. The effect of Exhibit No. 29 was to indicate that by reason of the violence and extent of the storm there was nothing that could have been done to protect such property which would relieve the defendant of liability. The record contains no other evidence that goes to the extent of Exhibit No. 29. The opinion and conclusions contained therein in effect suggested to the jury that nothing could have been done. We think that the trial court reached the proper conclusion in determining that the plaintiff had a right to have their claims of breach of duty passed upon by the jury without the apparent official opinions and conclusions based wholly upon hearsay of a Weather Bureau State Climatologist for the United States Department of Commerce Weather Bureau.

Certainly the Climatologist who signed the report, Hugh V. Lehrer, was a qualified expert witness. He could testify as to things he knew and no doubt could express opinions based upon facts proven at the trial. However, this does not have the effect of making admissible his report in which he reaches conclusions and expresses opinions based upon information that is wholly hearsay and dehors the record.

The defendant further contends that the plaintiff failed to comply with 62 O.S.1951 Sec. 362 in not proving the outstanding indebtedness of the defendant at the time the contract was made with plaintiff, and by reason thereof the action failed.

■ With this we cannot agree. Suffice it is to say that the auditors report, Exhibit A, substantially complied with 62 O.S. 1951 Sec. 362, disclosing the matters and things required thereby the financial status of the defendant. In effect City of Heald-ton v. Blackburn, 169 Okl. 357, 37 P.2d 311, approved this method of proof.

A study of the case of Trudgeon v. Board of Commissioners of McClain County, 180 Okl. 83, 68 P.2d 82, cited and relied upon by defendant discloses that the form of statement therein introduced did not contain the information required as does Exhibit No. 29 herein.

Affirmed.

DAVISON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and HALLEY, JOHNSON and BLACKBIRD, JJ., dissent.