## BOARD OF COM'RS OF SEQUOYAH COUNTY v. MAYO.

No. 29743. March 4, 1941.

*111 P. 2d 167.*

Ed. J. Armstrong, County Atty. (Roy Frye and Amelia Patterson, both of Sallisaw, on brief), for plaintiff in error.

W. B. Wall and J. Fred Green, both of Sallisaw, for defendant in error.

DAVISON, J. Defendant in error, owner and publisher of the Sequoyah County Times, commenced this action as plaintiff against the plaintiff in error, as defendant, to recover the sum of $6,-027.65. Said sum was alleged to be the balance due upon Sequoyah county's account with the plaintiff for printing in her paper during February and March, 1939, certain resale tax notices and delinquent personal tax lists.

The defendant filed an answer to plaintiff's petition seeking to avoid payment of plaintiff's claim on the ground (among others) that the contract under which the printing was done was void because the amount involved therein was in excess of the appropriation made and provided for such purposes.

At the trial the defendant introduced no evidence, and the following material facts were established by stipulation and by evidence introduced on behalf of the plaintiff, to wit: That the contract for the printing of the resale tax notices was made by the county treasurer with the Sequoyah County Times in December, 1938, to be done at the rate provided by statute; that the total price thereof was $6,546.70; that the sum of $3,790 of the county's revenue for that year was earmarked to pay for said printing, but plaintiff received only $1,330.80 and the remainder was paid out in salaries to employees in the county treasurer's office.

After hearing evidence of many other facts not now necessary to mention, the court specifically found that at the time the county treasurer contracted with the plaintiff for the publication of the tax resale notices and at the time that the setting of the type for same was begun, the appropriation of $3,790 (theretofore made for said printing) was still intact; and thereupon rendered judgment for plaintiff in the principal sum of $2,459.20, the difference between the amount of said appropriation and the total sum that had been paid plaintiff therefrom.

The defendant has perfected this appeal and urges its assignments of error under two propositions. Under the first of them the judgment is said to be not merely contrary to law but void. It is charged with being void on the ground that the record fails to disclose a compliance with chapter 106, S. L. 1925, §§ 5976-5979, O. S. 1931 (62 Okla. St. Ann. §§ 361-364) inclusive, before judgment was rendered.

In our opinion, counsel for the plaintiff give no sufficient answer to this charge. Her counsel make the assertion that strict compliance with this law is not required and cite City of Healdton v. Blackburn, 169 Okla. 357, 37 P. 2d 311, in support thereof. Conceding, for the sake of argument, the correctness of this proposition, though some expressions of this court make it somewhat doubtful (see State v. Kimbrell, 152 Okla. 239, 5 P. 2d 366), the Healdton Case furnishes no precedent for holding that the statute in question was complied with in this case. There a stipulation entered into between the parties was held to constitute a compliance with said statute,

but here there was no such stipulation. The stipulation entered into during the present proceeding set forth no fact concerning the financial status of the county at any time from the inception of the contract to the day of trial. Counsel for plaintiff apparently place some reliance upon a portion of the "Financial Statement and Estimate of Needs for Sequoyah County for the Fiscal Year 1938-1939," which was introduced, but this bit of evidence contains no showing concerning the indebtedness of said county. All that it purports to reveal is that an appropriation of $3,790 had been approved by the county excise board for the printing in question and that $7,500 was estimated as necessary to defray the county's needs for that year.

Plaintiff's contention that the amount for which she was rendered judgment is a valid claim because at the time the printing contract was made there was a valid appropriation to pay it in no way relieves the judgment of invalidity on account of noncompliance with the statute in question. The purpose of said statute was not merely to insure the validity of the contract when made. In speaking of the requirements of section 5977, in the case of In re Protest of St. Louis-San Francisco Ry. Co., 157 Okla. 131, 11 P. 2d 189, this court said:

". . . The object of requiring an itemized statement of the bonded indebtedness of said municipality and an itemized statement of the legal indebtedness of said municipality exclusive of the bonded indebtedness, and the alleged indebtedness proposed to be converted into a judgment, was to enable the court to determine from an inspection of the evidence whether or not entering a judgment upon the contract would create an indebtedness exceeding in any year the income and revenue provided for such year without the assent of three-fifths of the voters of the municipality at an election to be held for that purpose, and if the required number of voters gave their assent at an election, then if the indebtedness be allowed to be incurred that it together with the existing indebtedness in the aggregate shall not exceed 5 per cent. of the valuation of the taxable property therein to be ascertained from the last assessment for state and county purposes. . . ."

There was evidence introduced in the present case from which plaintiff argues that when the sum of $3,790, hereinbefore mentioned, was appropriated by the excise board for the printing in question, the taxes levied in Sequoyah county for that year did not exceed the limit specified in section 9, art. 10, of the Constitution, but it was not shown that an additional levy to satisfy the judgment entered herein would not exceed said limit.

As said in Oklahoma City v. Green Const. Co., 184 Okla. 98, 84 P. 2d 623:

"We are not able to say with . . . certainty upon the record before us just how the contract indebtedness created under the present contract, . . . was to be paid. We do not know whether it was from general income and revenue or by a bond issue. If it was from general income and revenue, we do not know whether it is within the amount available for the particular year. . . ."

We think it manifest, in view of what we have said and the previous decisions of this court, that chapter 106, S. L. 1925 (§§ 5976-5979, supra) must be complied with in all suits based on contract against a municipality even though a valid appropriation has once been made to meet the contract indebtedness but subsequently diverted to other uses. Though the enforcement of said statute may appear to be a bit harsh in some instances, yet we know of no principle or rule of law that would allow us to enlarge or diminish its plain wording or to fabricate exceptions unwarranted thereby.

The judgment of the trial court is therefore reversed and the within cause is hereby remanded to said court for a new trial in conformity with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.