(1943 Assessment.)

SHELTON PITNEY AND WALTER P. GARDNER, TRUSTEES OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTORS, v. STATE BOARD OF TAX APPEALS, DEFENDANT.

(Property Tax Assessment.)

SHELTON PITNEY AND WALTER P. GARDNER, TRUSTEES OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTORS, v. STATE BOARD OF TAX APPEALS, DEFENDANT.

(Franchise Excise Tax Assessment.)

CITY OF JERSEY CITY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS, DEFENDANT.

(1944 Assessments.)

CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, PROSECUTOR, v. STATE DEPARTMENT OF TAXATION AND FINANCE, DIVISION OF TAX APPEALS, HOMER C. ZINK, DIRECTOR OF THE DEPARTMENT OF TAXATION AND FINANCE, ET AL., RESPONDENTS.

(Case No. 1.)

CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, PROSECUTOR, v. STATE DEPARTMENT OF TAXATION AND FINANCE, DIVISION OF TAX APPEALS, HOMER C. ZINK, DIRECTOR OF THE DEPARTMENT OF TAXATION AND FINANCE, ET AL., RESPONDENTS.

(Case No. 2.)

SHELTON PITNEY AND WALTER P. GARDNER, TRUSTEES OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTORS, v. DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE, DEFENDANT.

Argued April 16, 1947—Decided September 23, 1947.

Before Justices BODINE, WACHENFELD and BURLING.

For Walter P. Gardner, surviving trustee, &c., *Autenrieth & Wortendyke* and *William F. Hanlon.*

For the City of Jersey City, *Charles A. Rooney, Charles Hershenstein* and *Joseph C. Glavin.*

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin C. Van Tine.*

BODINE, J.   These cases involve tax assessments for the years 1943 and 1944.

This court in *State* v. *State Board,* 134 *N. J. L.* 34, reversed the State Board and re-established the values at the original level as fixed by the Commissioner for the year 1942. The Supreme Court was affirmed in the Court of Errors and Appeals, 135 *Id.* 481. The assessments for 1943 and 1944 should follow the rule laid down by the Supreme Court in the case mentioned.

It is urged now before us that there was a technical violation of the assessment law for the 1943 assessment. If so, and we do not so decide, *R. S.* 54:4–58, 54:4–59 and 54:4–60 settle adversely the contention as to irregularities in the assessment. To mention a few of the controlling decisions see *Conover et al.* v. *Honce, Collector,* 46 *N. J. L.* 347; *Dodge* v. *Love,* 47 *Id.* 436; *Saunders* v. *Morris,* 48 *Id.* 99; *Ridgewood Elks Holding Corp.* v. *Ridgewood,* 127 *Id.* 295.

We are aware that the duty is usually upon the Supreme Court to make an independent finding of fact in each case brought before it for review. It was admitted that the real property and its improvements are in the same condition as they were one and two years before. Under such a situation, the court is not obliged to re-examine the facts relating thereto. If there was a change of value during the period in question, it would be the duty of the taxpayer to point out in a clear and concise manner why the yardstick of tax

measurements previously used and the determination made were unjust and unfair in the succeeding years and in that respect it has failed. No court can be required to re-examine facts where the physical property and its improvements are in the same condition as they were one and two years before.

Chief Justice Beasley in *Central Railroad* v. *State Board*, 49 *N. J. L.* 1, remarked that the Supreme Court would not reverse the findings of the assessors except for palpable error. That rule was followed in *United New Jersey Railroad and Canal Co.* v. *State Board*, 100 *Id.* 131; *United New Jersey Railroad and Canal Co.* v. *State Board*, 103 *Id.* 33, 36. See, also, *State of New Jersey* v. *State Board*, 134 *Id.* 34; *affirmed*, 135 *Id.* 481.

Since there was no evidence indicating that there had been a change of value for the years in question from that adopted and affirmed for the previous year, we think that the parties are bound by the results of the contest. See *Baldwin* v. *Iowa State Traveling Men's Association*, 283 *U. S.* 522.

Mr. Justice Roberts held in an income tax case, *Tait, Collector,* v. *Western Maryland Railway Co.*, 289 *U. S.* 620, that the doctrine of *res adjudicata* applied where there was an annual levy, and the question raised had been settled in previous litigation. There certainly must be an end to all things and where the taxpayer has exhaustively litigated the levy and has had its assessments reviewed by the highest court of this state, it cannot be heard to say that this court must make an independent examination for each succeeding year, unless it can show that something has happened which, in justice, should require a change.

Mr. Justice White, later Chief Justice, said in *New Orleans* v. *Citizens' Bank,* 167 *U. S.* 371 (at *p.* 396) : "The proposition that because a suit for a tax of one year is a different demand from the suit for a tax for another, therefore *res judicata* cannot apply, whilst admitting in form the principle of the things adjudged, in reality substantially denies and destroys it. The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the

second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies. This is the elemental rule, stated in text books and enforced by many decisions of this court."

On the cross-*certiorari* of Jersey City, the contention is made that the assessments for the year 1942 were too low, but we are pointed to no specific improvements in the physical property to substantiate an increase in value.

The writs will be dismissed, with costs.