**BOY SCOUTS OF AMERICA, INC.,**
Plaintiff in Error,

v.

**Glen A. THOMPSON, County Assessor of Tulsa County, Oklahoma, Defendant in Error.**

No. 39833.

Supreme Court of Oklahoma.

April 9, 1963.

C. N. Haskell, Tulsa, for plaintiff in error.

David Hall, County Atty., Donald D. Cameron, Asst. County Atty., Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal on the original record by Boy Scouts of America, Incorporated (herein referred to as appellant), from a judgment of the District Court of Tulsa County, fixing the assessed valuation for ad valorem tax for the year 1959 upon the Philtower Building in the City of Tulsa. Appellant is the owner of said building. The appellant complains only as to the valuation placed on the building and makes no issue as to the valuation of the lot.

It was stipulated by appellant and the county assessor, Glen A. Thompson, that the formula used by the assessor in fixing the initial valuation for 1959 was:

200,246 square feet (in the building) times $20 per square foot (replace-

ment cost) equals $4,004,920 less 30% depreciation, amount to $1,201,476, leaves a value of $2,803,444, and 30% thereof makes an assessed value for the improvements of $841,030.

The appellant protested this valuation and the protest was heard and denied by the equalization board. Appellant appealed to the district court. After trial in the district court the judge rendered a judgment adopting and approving the above formula, except that the court fixed the depreciation at the rate of 40% instead of the 30% used by the assessor. This resulted in the assessed valuation of the improvements being set at $720,885.60. Appellant has appealed to this court from the judgment.

Appellant contends that prior judgments of the District Court, and affirmed by the Supreme Court, are res judicata or constitute estoppel by judgment against the assessor, on the issue of appellant's claimed right to a rate of 50% depreciation on the building. In connection with such contention the appellant further contends that there should be a change of conditions before other values for taxation purposes are placed on the property for succeeding years.

Appellant shows and it was stipulated that the formula, including the provision for 30% depreciation, used by the county assessor in fixing the 1959 assessed valuation of appellant's property was the same formula that was used by the assessor in fixing the valuation for appellant's property and a number of other business buildings for the years 1953, 1954, and 1955. It appears that appellant and others protested these earlier valuations and appealed from adverse rulings of the equalization board to the district court. Upon hearing these appeals the court rendered judgments aimed at equalizing the assessed valuations and fixed the depreciation at 2% per year, but limited to 25 years or 50%. The county assessor appealed to this court and the judgments were affirmed. Several of these decisions are Appeal of National Bank of Tulsa, Okl., 312 P.2d 495; Appeal of Na-

tional Bank of Commerce of Tulsa, Okl., 316 P.2d 175; and Appeal of Boy Scouts of America, Okl., 317 P.2d 262. The property valuations of appellant's building for the years 1956, 1957, and 1958, were fixed under a formula with a depreciation factor in accordance with that approved in the above decisions. It is not controverted that, if applicable, appellant's building is entitled to a depreciation of 50% under this formula.

It further appears that upon his reelection as assessor, Thompson reverted to a formula with a 30% depreciation factor, not only as to appellant's property, but as to a number of other similar business properties. After the property owners' protests were denied by the equalization board there were appeals to the district court. Approximately 40 of these matters were settled by the assessor and taxpayers by compromise and agreed settlements whereby a depreciation of 40% was used rather than a factor of 50% depreciation that was claimed by the taxpayers. In rendering judgment in the instant case the trial court took judicial notice of the prior judgments involving the 1953–1955 valuations and the affirmance thereof by this court and also of the compromise judgments mentioned above. The judgment of the lower court does not make any findings as to the particular grounds or evidence from which the trial court concluded that there should be an allowance of 40% depreciation, rather than the 30% set by the assessor and the 50% claimed by the appellant. From our examination of the record it is our belief that the trial court was persuaded or influenced to such conclusion by the 40% compromise settlements with other taxpayers and by testimony of the assessor that it was agreeable with him for the court to fix the assessments on the basis of 40% depreciation.

The record further reflects that the assessor reduced the assessed value of the lot upon which Philtower Building stands from the 1958 valuation of $180,000 to $144,000.

 This court has held that a prior adjudication of a right, question, or fact

may later be presented as an estoppel by judgment in a different cause of action between the same parties. In Wilson v. Lee Evans Drilling Co., Okl., 322 P.2d 630, we stated:

"A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, although the subsequent suit is on a different cause of action; and a plea setting up the former adjudication of a fact, right, or question distinctly put in issue between the same parties or their privies is not a plea in bar, but a plea of estoppel by judgment. Identity of causes of action is not a necessary element in the plea of estoppel by judgment, but it is necessary that the point upon which the plea of estoppel by judgment is based is in issue in the latter case and was in issue and decided in the former."

This rule of law has been applied to tax litigation involving questions of liability for tax. In City of New Orleans v. Citizens' Bank of Louisiana, 167 U.S. 371, 399, 17 S.Ct. 905, 914, 42 L.Ed. 202, 210, 211, the court used language very similar to that quoted from Wilson v. Lee Evans Drilling Company, supra, in applying estoppel by judgment because of a previously adjudged exemption from tax.

And in Pitney v. State Board of Tax Appeals, 136 N.J.L. 157, 55 A.2d 6, the court after reciting prior adjudication of tax valuation and citing Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, and City of New Orleans v. Citizens' Bank of Louisiana, supra, stated:

"Since there was no evidence indicating that there had been a change of value for the years in question from that adopted and affirmed for the previous year, we think that the parties are bound by the results of the contest. * * *"

It will be observed from these authorities that the application of estoppel by judgment to later tax controversies between the same parties is not a new theory or concept of jurisprudence. See Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, 74 S.W. 979, for a discussion of res adjudicata and estoppel by judgment as applied to tax litigation.

In Commissioners of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, the court in disposing of an income tax dispute where collateral estoppel was urged, said:

"* * * But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit.

"* * * But a subsequent modification of the significant facts or a change or development in the controlling legal principles may make that determination obsolete or erroneous, at least for future purposes. * * *"

And in Continental Oil Co. v. Jones. (U.S.D.C.,W.D.,Okl.) 80 F.Supp. 340 (aff'd 10 Cir., 176 F.2d 519) in a case involving taxable status of oil for excise taxes, the court stated:

"The doctrine of res adjudicata applies only to tax proceedings involving the same claim and the same tax period, whereas the doctrine of collateral estoppel, or estoppel by judgment, applies to tax proceedings involving similar claims containing the same legal points, or different tax years, when there has been no change in the controlling facts or applicable legal principles. Commissioner v. Sunnen, 333 U.S. 591, 68 S. Ct. 715. * * *"

In the prior decision of Appeal of Boy Scouts of America, supra, and other related appeals the proposition of depreciation at

the rate of 2% per year, limited to 25 years, was established by both the trial court and this court. We see no reason why such judgment should not be the basis of estoppel by judgment as to this factor in establishing the assessed valuation of appellant's building when the circumstances fall within the limitations prescribed by the above cited and quoted authorities. Furthermore it is shown that this court's approved depreciation rate was used or adopted for the years 1956, 1957, and 1958, by the assessor then holding office. It is difficult to understand that this rather stable factor should suffer an overall material decline as to appellant's property and a great number of other properties in a relatively short time.

The relation of the decrease in valuation of the lot to depreciation may be disputed, but would appear to be indicative that the entire property was less attractive for purchase and investment, and certainly does not support an increase in the valuation of the improvements for tax purposes. The record further reflects that the elevators in appellant's building were replaced at considerable expense. The assessor does not particularly argue this item in his brief, as adding any value to the building. The testimony concerning this item is that such replacement does not increase the value to the extent of such expense, but tends toward extending the remaining economic life of the building.

Appellant also contends that its evidence establishes an undenied fair cash market value of its property which would render it liable to considerably less taxes than its liability under the judgment of the trial court. This was based on opinion testimony and not based on sale of the property. We will not consider such testimony or contention in detail. The prior decisions, supra, dealing with the 1953 to 1955 valuations and the present record reflect the general use of the formula for fixing tax valuations. The cited decisions and record recognize this as being a procedure meeting the requirements of uniformity and equality of assessment. To sustain appel-

lant's contention would avoid such uniformity and equality.

 It is our conclusion that the rule of estoppel by judgment is applicable to the situation here presented and that appellant has, in accordance with the above cited authorities, shown facts and circumstances entitling it to the benefit of such estoppel.

Remanded with instructions to render judgment for appellant fixing depreciation on the building at 50%.