STATE of Oklahoma, ex rel. Michael C. TURPEN, Attorney General, Appellant,

v.

A 1977 CHEVROLET PICKUP TRUCK, VIN CC 1447S187406, BEARING OKLAHOMA LICENSE NUMBER T 148-890, Appellee.

No. 62652.

Supreme Court of Oklahoma.

April 19, 1988.

---

2. R. at 84.

3. Id.

Michael C. Turpen, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellant.

Red Ivy, Stephen H. Buzin, Ivy & Buzin, Chickasha, for appellee.

SUMMERS, Justice.

This action was commenced in the name of the State of Oklahoma by its Attorney General for the forfeiture of one 1977 pick-up truck allegedly used to store marijuana. The trial court in effect dismissed the forfeiture action, and on appeal the Court of Appeals, Division 4, affirmed. We have heretofore granted certiorari.

It is uncontroverted that on May 17, 1983, one Gary Brown was charged with selling three pounds of marijuana to undercover agents of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control (OSBNDDC). Contemporaneously therewith the pickup truck in dispute was seized and impounded by agents of that division. When young Mr. Brown appeared before the magistrate the next day

**1358**

for his initial appearance, an attorney from the local District Attorney's office, without any authority from the Attorney General, told the judge that it had no intention of filing a forfeiture action. The judge then ordered the vehicle released to Mr. Brown's father, who at that time was its record title holder by virtue of an assignment from his son made on the day of his arrest. The only case pending at that time was the felony case, No. CRF–83–245.

Six days later, May 24, 1983, this action was filed by the Attorney General pursuant to 63 O.S.1982 §§ 2–503 and 2–506 for civil forfeiture proceedings against the vehicle. When the matter came on for hearing the trial court took judicial notice of the order previously made in the CRF case releasing the vehicle to the father. The court noted that such previous order had not been set aside, and thereupon denied the petition for forfeiture.

In effect at the time was the following statute:

"63 O.S.Supp.1982 § 2–503. Property Subject to Forfeiture.

B. All property taken or detained under this section by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control shall not be repleviable, but shall be deemed to be in the custody of the Attorney General of the State of Oklahoma, subject only to the orders and decrees of a court of competent jurisdiction. The Attorney General of the State of Oklahoma shall follow the procedures outlined in Section 2–506 of this title dealing with notification of seizure, intent of forfeiture, final disposition procedures, and release to innocent claimants with regard to all property included in this section detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control." 63 O.S.1982 Supp. § 2–503(B)

Only in October 1982 (and then apparently unknown to the District Attorney's office) had the above section been added to the law. Prior thereto the local District Attorney had full responsibility for property seized for forfeiture under the narcotics laws. 63 O.S.1981 § 2–506(K) provided:

"Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the office of the district attorney of the county wherein the property was seized, subject only to the orders and decrees of the court or the official having jurisdiction thereof."

■ The Court of Appeals affirmed the trial court, relying largely on the fact that the legislature in adding § 2–503(B) in 1982 had failed to delete or modify § 2–506(K), but rather had re-adopted it intact.[1] We, however, are compelled to conclude that at the time this matter was before the trial court the Attorney General was the only party legislatively empowered to proceed against the vehicle. Notwithstanding the language of the surviving § 2–506(K) only the Attorney General was authorized by statute to deal with:

" ... notification of seizure, intent of forfeiture, final disposition procedures, and release to innocent claimants with regard to all property included in this section detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control." 63 O.S.1982 Supp. § 2–503(B)

We also believe this interpretation would be consistent with *Poafpybitty v. Skelly Oil Co.*, 394 P.2d 515 (Okl.1964), in which we said:

"Where there are two or more acts or provisions of law relating to the same subject effect is to be given to both if that be practicable, but, if a repugnancy exists between such provisions, *the more*

1. That oversight has been corrected by a 1985 amendment which added the following to § 2–506(K):
"The provisions of this subsection shall not apply to property taken or detained by the Oklahoma State Bureau of Narcotics and Dan-

gerous Drugs Control. Property taken or detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control shall be subject to the provisions of subsection C of Section 2–503 of this title."

*recent act, which is the latest expression of the legislative will,* will operate as a repeal of the former to the extent of the repugnancy. 75 O.S.1961 § 22." (emphasis added)

Our conclusion is that the District Attorney here had no authority to speak for the state as to disposition of forfeiture proceedings against the pickup truck.

■ Further, the trial court clearly erred in attributing *res judicata* effect to the pronouncement of the magistrate releasing the vehicle. The only matter properly before the court on May 18, 1982 was CRF–83–245, in which Gary Brown was making his initial appearance under the felony charge of selling marijuana. No forfeiture action had been filed. Proceedings such as this one involving seizure and forfeiture of vehicles under 63 O.S. §§ 2–503 and 2–506 are *in rem* and civil in nature. *Moore v. Brett,* 193 Okl. 627, 137 P.2d 539, 540 (Okl. 1943).

■ One ingredient essential to the validity of any judicial order is jurisdiction of the subject matter. *La Bellman v. Gleason & Sanders, Inc.,* 418 P.2d 949, 953 (Okl.1966). Subject matter jurisdiction is invoked by pleadings filed with the court. In *Consolidated Mtr. Frt. Terminal v. Vineyard,* 193 Okl. 388, 143 P.2d 610, 612 (Okl.1943) we observed:

"In the opinion of this court it was pointed out that jurisdiction exists when the courts have power to proceed in a case of the character presented, or power to grant the relief sought in a proper cause; that the power to proceed is acquired by an application of a party showing the general nature of the case and requesting relief of the kind the court has power to grant; that ordinarily jurisdiction is invoked by pleadings filed by the parties."

The subject matter jurisdiction of the court to hear an *in rem* civil forfeiture proceeding was not invoked by the filing of an information charging the unlawful sale of marijuana.

In *Union Oil Co. of California v. Brown,* 641 P.2d 1106, 1108 (Okl.1982) we stated that:

"[A] judgment outside the scope of the issues presented for determination by the court is of no force and effect, or *coram non judice,* and void at least insofar as it goes beyond the issues.

The district court sitting as magistrate in CRF–83–245 lacked subject matter jurisdiction to dispose of the seized truck. Its order of May 18, 1983 releasing the truck to the father is facially void, and may not be accorded legal effect in the later civil action.

The order of the District Court denying and in effect dismissing the forfeiture proceedings against the 1977 Chevrolet pickup truck is reversed and that cause is reinstated. The matter is remanded for further proceedings thereon.

COURT OF APPEALS OPINION VACATED; TRIAL COURT'S ORDER REVERSED AND REMANDED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS and ALMA WILSON, JJ., concur.

OPALA, J., concurs in judgment.

KAUGER, J., recused.