**VALLEY VISTA DEVELOPMENT CORPORATION, INC., Appellee,**

v.

**CITY OF BROKEN ARROW,**
Oklahoma A Municipal Corporation, Appellant.

No. 69292.

Supreme Court of Oklahoma.

Dec. 6, 1988.

City of Broken Arrow by Michael R. Vanderburg, City Atty., Broken Arrow, for appellant.

Doyle and Harris by Steven M. Harris and Julie E. Lamprich, Tulsa, for appellee.

KAUGER, Justice.

The four questions presented are: (1) Whether after a void judgment has been rendered, the trial court may take judicial notice of findings of fact and conclusions of law contained in such judgment in a subsequent proceeding; (2) Whether the savings

clause of 12 O.S.1981 § 100[1] operates to extend the time period for filing a new action where the original action resulted in a void judgment under 62 O.S.1981 § 363;[2] (3) Whether the record contains sufficient evidence of the financial status of the municipality under 62 O.S.1981 § 362[3] to support a money judgment; and (4) Whether the contract entered into between the City of Broken Arrow and Valley Vista was either illegal or impossible of performance.

We find that: (1) A trial court may not take judicial notice of findings of fact and conclusions of law encompassed within a void judgment; (2) The savings clause of 12 O.S.1981 § 100 operates to extend the time period within which a new action may be filed where the original proceeding resulted in a void judgment under 62 O.S.1981 § 363; (3) The record contains sufficient evidence of both long and short-term indebtedness of the municipality to support a money judgment under 62 O.S.1981 § 362; and (4) There having been no resolution of the factual or legal issues necessary to determine liability, any ruling on the issues of illegality of contract or impossibility of performance would be premature.

## FACTS

The appellant, City of Broken Arrow (City), and the appellee, Valley Vista Development Corporation, Inc. (Valley Vista), entered into a contract on April 17, 1972. Under the contract, the City agreed to allow connection of the Melinda Park Edition to the City's sewage system in return for Valley Vista's construction of excess capacity lines. These excess capacity lines, built at a cost of $96,043.00, were designed to transport more waste than the Melinda Park Edition would produce. In exchange for construction of the excess capacity lines, the City agreed that it would not approve sewage plans to service property contiguous to the Melinda Park Edition unless the plan provided for connection to Valley Vista's oversized lines. When these

1. Title 12 O.S.1981 § 100 provides:
"If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

2. Title 62 O.S.1981 § 363 provides:
"No judgment shall be rendered against any municipality by any court until the provisions of Section 2 hereof, have been fully complied with. Any judgment rendered in violation of the provisions of this act shall be void and of no effect."

3. Title 62 O.S.1981 § 362 provides:
"Before final judgment in any suit based on contract shall be rendered against any municipality by any court of any county in the State of Oklahoma, except in proceedings to refund any indebtedness of said municipality, proof shall be made to the court, of the existence, character and amount of the outstanding legal indebtedness of said municipality, which proof shall include a statement compiled by the various officers having custody of the records from which the information required in the statement is taken, under oath, showing the following:
1. An itemized statement of the bonded indebtedness of said municipality.
2. An itemized statement of the legal indebtedness of said municipality, exclusive of the bonded indebtedness and the alleged indebtedness proposed to be converted into a judgment.
3. An itemized statement of the indebtedness proposed to be converted into a judgment, so classified as to show, in separate exhibits, all items of questionable legality, if any, and the reasons of said officer or officers therefor:
(a.) The appropriations against which each warrant was drawn or claim accrued if in judgment, and if within the limits and purposes thereof as provided by law;
(b.) The income and revenue provided for the respective years, consisting of taxes levied and the actual collections of 'estimated income'; the total warrants issued against the same or the accumulated accruals as the case may be, and the amount, if any, in excess of the total income and revenue of the year;
(c.) The condition of each fund from which such indebtedness is payable as of the close of the month next preceding the filing of application.
Appeals from the judgment of the court shall be allowed as provided by law upon the giving of a bond for cost and damages in such sum as the court shall require; provided, that the district attorney of any county may, without the consent of the board of county commissioners of said county, take an appeal from said judgment on behalf of said county and without bond for costs and damages."

connections were made, Valley Vista was to be allowed to recover $48,021.50—the cost of building the oversized sewage disposal system from the connection charges. Under the terms of the agreement, once Valley Vista recovered the excess expense, ownership of the sewage system reverted to the City.

In January, 1982, Valley Vista sued the City for breach of contract for its failure to require connection of adjacent land development projects into its oversized lines. Judgment was rendered for Valley Vista on September 9, 1983. The City appealed the judgment on the basis that no proof of indebtedness or of the City's ability to pay the judgment had been offered at trial. On November 5, 1985, the Court of Appeals reversed the trial court for lack of authority to render a judgment under 62 O.S.1981 § 362 based on the absence of proof of the City's indebtedness declaring the judgment of September 9, 1983, void pursuant to 62 O.S.1981 § 363.

Valley Vista filed the present action on September 5, 1986, alleging essentially the same cause of action as that encompassed by the 1982 petition. Valley Vista moved for summary judgment on March 19, 1987. The City failed to respond to Valley Vista's motion and a journal entry of judgment was entered in favor of Valley Vista on April 15, 1987. This entry was corrected on April 16, 1987, to reflect awards of both pre-judgment and post-judgment interest. On April 24, 1987, the City filed a motion with the trial court to vacate the judgment. The motion was granted in an order dated June 25, 1987, in which the trial court, after considering pleadings and other proper supporting documents, again sustained Valley Vista's motion for summary judgment.

In granting the motion for summary judgment, the trial court gave preclusive effect to all issues raised and litigated in the original action. The court labeled this "issue preclusion"[4] which left only the jurisdictional issue for determination. The trial court found that Valley Vista had proven the indebtedness of the City pursuant to 62 O.S.1981 § 362, thus conferring authority on the court to render judgment.[5] Valley Vista's motion for summary judgment was sustained, and the City appealed.

## I

## A TRIAL COURT MAY NOT TAKE JUDICIAL NOTICE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM A VOID JUDGMENT.

■ Even with a finding that Valley Vista presented sufficient evidence to carry its burden of proof under 62 O.S.1981 §§ 362 and 363 concerning the availability of funds to satisfy a judgment, the dispositive question remains whether the trial court's reliance on the previous void judgment for a determination of liability was justified.

In granting Valley Vista's motion for summary judgment, the trial court treated all issues as resolved by its order issued on September 9, 1983, except for the issue of indebtedness pursuant to 62 O.S.1981 §§ 362 and 363. By adopting its prior judgment, the trial court gave all issues resolved in the 1983 judgment preclusive effect. The trial court did so despite the Court of Appeals' order dated November 5, 1985, stating that Valley Vista's failure to plead or prove the required elements of § 362 rendered the judgment void pursuant to § 363.

**4.** Issue preclusion applies when an issue of fact or law is actually litigated and determined by a valid, final judgment and the determination is essential to the judgment. The determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *Boy Scouts of America, Inc. v. Thompson*, 380 P.2d 705, 707–08 (Okla.1963); Restatement (Second) of Judgments § 27 (1982).

**5.** Because the trial court determined the jurisdictional issue and gave all other issues previously determined preclusive effect, the judgment entered was not a partial summary judgment or even an interlocutory summary adjudication but a final judgment determining all aspects of the action. See, *Mann v. State Farm Mut. Auto. Ins. Co.*, 698 P.2d 925, 927 (Okla. 1985) and *Mann v. State Farm Mut. Auto. Ins. Co.*, 669 P.2d 768, 772 (Okla.1983).

Clear legislative expression leaves no room for judicial construction.[6] Section 363 unequivocally states that judgments rendered in absence of the statutorily required proof of 62 O.S.1981 § 362 are *void and of no effect.* The statutory directive is clear—a judgment rendered absent the required financial evidence under § 362 is a nullity.

■ Even without the express language of § 362, our holding would be the same. The general rule is that a void judgment is no judgment at all.[7] Where judgments are void, as was the judgment originally rendered by the trial court here, any subsequent proceedings based upon the void judgment are themselves void.[8] In essence, no judgment existed from which the trial court could adopt either findings of fact or conclusions of law. Therefore, although sufficient evidence of the fiscal health of the City was presented to support a judgment under 62 O.S.1981 §§ 361–363, there was no determination of liability which would support a finding for Valley Vista on breach of contract or any other theory.

Even when the basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. In appraising the sufficiency of a petition, the accepted rule is that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle it to relief.[9] Because the trial court erroneously adopted all findings of fact and conclusions of law from a void judgment, there has been no resolution of either the factual or legal issues. Therefore, the award of summary judgment was inappropriate.

## II

THE SAVINGS PROVISION OF 12 O.S. 1981 § 100 OPERATES TO EXTEND THE TIME PERIOD WITHIN WHICH A NEW ACTION MAY BE FILED WHERE THE ORIGINAL PROCEEDING RESULTED IN A VOID JUDGMENT UNDER 62 O.S. 1981 § 363.

The City neither contends that the original action brought by Valley Vista for breach of a written contract was untimely,[10] nor that the new action filed on September 5, 1986, was not filed within one year of the reversal of the original action. However, the City does argue that the savings provision of 12 O.S.1981 § 100 will not operate to extend the time for filing a new action where the original action resulted in a void judgment.

■ Valley Vista is seeking recovery against the City of Broken Arrow on a breach of contract theory. Breach of contract actions against municipalities are governed by 62 O.S.1981 §§ 361–363.[11] These

6. *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987).

7. *High v. Southwestern Ins. Co.,* 520 P.2d 662, 665 (Okla.1974); *Taxicab Driver's Local Union No. 889 v. Pittmann,* 322 P.2d 159, 166 (Okla. 1958).

8. *State v. A 1977 Chevrolet Pickup Truck,* 753 P.2d 1356, 1359 (Okla.1988); *LeClair v. Calls Him,* 106 Okla. 247, 233 P. 1087, 1091 (1925).

9. *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988).

10. Title 12 O.S.1981 § 95 provides in pertinent part:

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
First. Within five (5) years: An action upon any contract, agreement or promise in writing . . ."

11. Operation of a sewer system is proprietary and not governmental in nature. *Davis v. Town of Cashion,* 562 P.2d 854, 857 (Okla.1977); *Oklahoma City v. Romano,* 433 P.2d 924, 926 (Okla. 1967). Therefore, this is not a situation where the municipality is engaged in a governmental function, thereby, coming within the exception to the prohibitions stated in art. 10, § 26 and 62

statutes were enacted to ensure that municipalities complied with art. 10, § 26 of the Oklahoma Constitution which prohibits municipal indebtedness in an amount exceeding yearly income without the assent of three-fifths of the voters.[12] Sections 361–363 insure that municipalities conduct all corporate operations on a cash and carry basis.[13] In any suit based on contract, § 362 requires proof of the character and amount of legal indebtedness of the municipality before judgment against a municipality can be entered.[14] Absent such proof, a trial court is without judicial authority to render a judgment against a political subdivision. Any judgment rendered without the required proof of indebtedness is void.[15]

Whether referred to as a savings provision,[16] renewal statute, or recommencement-of-actions provision,[17] statutes like 12 O.S.1981 § 100 were enacted to avoid the harsh results flowing from the general rule that where an action failed and the statute of limitations had expired during the interim, any subsequent action was untimely.[18] Because the purpose of § 100 is remedial, its provisions are to be liberally construed.[19]

The cardinal rule in statutory construction is determination of legislative intent. However, where the legislature has plainly expressed itself, there is no need for judicial interpretation.[20] The language of § 100 is unambiguous in stating the cases to which it applies—those in which judgment for the plaintiff is reversed or where the original action fails otherwise than on the merits.[21] Where an action has failed because the court lacks authority to render it, there can be no doubt that the failure was otherwise than on the merits thereby bringing the action within the ambit of the savings provision of § 100.[22]

■ The failure to present adequate proof of indebtedness under 62 O.S.1981

O.S.1981 § 362. *Hillcrest Medical Center v. State*, 675 P.2d 432, 435 (Okla.1983); *Bd. of County Comm'rs v. Oklahoma Pub. Employees Retirement Sys.*, 405 P.2d 68, 72 (Okla.1965).

**12.** The Okla. Const. art. 10, § 26 provides in pertinent part:
"Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election ..."
See also, *Indep. School Dist. No. 1, v. Howard*, 336 P.2d 1097–98 (Okla.1959); *Jacobson's Lifetime Bldgs. v. City of Tulsa*, 333 P.2d 307, 310 (Okla.1958).

**13.** Morgan, "Delayed Attacks on Final Judgments," 33 Okla.L.Rev. 45, 67–8 (1980).

**14.** See, *Bert Smith Road Mach. Co. v. Bd. of County Comm'rs.*, 486 P.2d 639, 642 (Okla.1971); *Bd. of County Comm'rs v. Mayo*, 188 Okla. 490, 111 P.2d 167–68 (1941).

**15.** See, *Alva State Bank & Trust Co. v. Dayton*, 755 P.2d 635–36 (Okla.1988) and *White v. Rakestraw*, 563 P.2d 644–45 (Okla.1977). Once the necessary financial evidence has been submitted, the trial judge may enter judgment accordingly.

**16.** *Wiley Electric, Inc. v. Brantley*, 760 P.2d 182, 184 (Okla.1988).

**17.** *Matter of Estate of Speake*, 743 P.2d 648–49 (Okla.1987).

**18.** Annot., "Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, as Applicable in Cases Where Original Action Failed for Lack of Jurisdiction," 6 A.L.R.3d 1043, 1046 (1966).

**19.** *Dumas v. United States*, 103 F.2d 676, 679 (10th Cir.1939); *C & C Tile Co., Inc. v. Indep. School Dist. No. 7*, 503 P.2d 554, 559 (Okla. 1972).

**20.** *Northwest Datsun v. Oklahoma Motor Vehicle Comm'r*, 736 P.2d 516, 519 (Okla.1987).

**21.** *Powell v. Chastain*, 359 P.2d 336, 340 (Okla. 1961).

**22.** *Stevens v. Dill*, 142 Okla. 138, 285 P. 845–46 (1930). See, *Rifner v. Lindholm*, 132 Kan. 434, 295 P. 670, 671–72 (1931), construing the Kansas savings provision and holding that where an original action is determined to be outside a court's jurisdiction, there is a failure otherwise than upon the merits. Although our statute was adopted from the laws of Kansas, this decision was rendered after adoption of § 100 by the Legislature. Therefore, it is not binding on our construction of the statute but is persuasive authority. See also, *Flick v. Crouch*, 434 P.2d 256, 261 (Okla.1967); *In re Fletcher's Estate*, 308 P.2d 304, 311–12 (Okla.1957).

§§ 362–363 renders an entry of judgment void for lack of authority—12 O.S.1981 § 100 is applicable to judgments rendered outside a trial court's authority. The savings provision of § 100 operates to extend the time period within which a new action may be filed if the original proceeding resulted in a void judgment under 62 O.S. 1981 § 363.

### III

### SUFFICIENT EVIDENCE OF THE CITY'S INDEBTEDNESS WAS PRESENTED TO SUPPORT A MONEY JUDGMENT UNDER 62 O.S.1981 §§ 362 and 363.

■ The City argues that Valley Vista did not present sufficient evidence to support a judgment under 62 O.S.1981 § 362 requiring a finding that the judgment entered be declared void and of no effect under § 363. Sections 362 and 363 require certain proof to be made before judgment may be entered against a political subdivision in a contract action. Section 362 sets forth the proof necessary, and § 363 provides that no judgment shall be rendered against the political subdivision absent compliance with § 362. Failure to comply results in any judgment rendered being void and of no effect.

Our research reveals no case in which this Court has given any detailed outline of the proof necessary to support a valid judgment under § 363. The record must affirmatively show compliance with § 362.[23] Substantial compliance with §§ 362 and 363, sufficient to support a breach of contract award, has been found in two cases. In *City of Healdton v. Blackburn*, 169 Okla. 357, 37 P.2d 311, 313–14 (1934), the City's financial statement, entered in the record, was found sufficient to support an award in a contract action.[24] In *City of Enid v. Reeser*, 330 P.2d 198, 203 (Okla. 1958), an auditor's report was found sufficient to meet the burden under 62 O.S.1951 § 362.[25]

Here, the record reveals that Valley Vista took the deposition of Larry Spurlock, the City's Finance Director, on February 17, 1987. In conjunction with his deposition, copies of documents reflecting (1) the City's long-term bonded indebtedness, (2) the City's General Budget Fund for the 1986–87 fiscal year, and (3) the Budget Status Report as of February 12, 1987, reflecting a positive balance in the Excess Capacity Fund of $210,002.00 were all provided to Valley Vista and are a part of the record.

The City argues that the evidence presented reflects only the long-term bonded indebtedness of Broken Arrow and that no presentation has been made of the short-term obligations. This argument is unpersuasive. The General Budget Fund indicates expected expenditures and revenues for the fiscal year while the Budget Status Report reflects these amounts on a year-to-date basis. Under either *Blackburn* or *Reeser*, supra, the presence of these documents in the record is sufficient to carry Valley Vista's burden of showing the City's indebtedness pursuant to 62 O.S. 1981 §§ 362 and 363.[26]

Finally, the City argues that even if the evidence presented were sufficient to meet the burden imposed by §§ 362 and 363, the statute requires a contemporaneous presentation with the granting of judgment. The City points out that the evidence was proffered to the trial court along with the motion for summary judgment on March 19, 1987, and that judgment was not entered until June 25, 1987.[27] Section 362

---

**23.** *Bert Smith Road Mach. Co. v. Bd. of County Comm'rs*, see note 14, supra.

**24.** The statute construed by the Court, 1925 Okla.Sess.Laws Ch. 106, is substantially similar to 62 O.S.1981 § 362.

**25.** Title 62 O.S.1951 § 362 and 62 O.S.1981 § 362 are substantially similar.

**26.** *City of Enid v. Reeser,* 330 P.2d 198, 203 (Okla.1958); *City of Healdton v. Blackburn,* 169 Okla. 357, 37 P.2d 311, 313–14 (1934).

**27.** Judgment was originally entered for Valley Vista by default on April 15, 1987—less than one month from the time the motion for summary judgment was filed. On application by the City, the April 15 order was vacated and a new order

requires that the evidence be presented "before final judgment." The Oklahoma Constitution, Art. 10, § 26, which § 362 was enacted to implement, requires municipalities to avoid indebtedness exceeding yearly revenues.

Neither the statute nor the constitutional provision contain any provision setting forth the time frame—other than prior to judgment—within which the required proof must be offered. Nothing in § 362 indicates that the necessary evidence must be offered contemporaneously with the judgment. However, because §§ 361–363 were enacted to ensure fiscal integrity of municipalities on an annual basis, it seems apparent that evidence from the same fiscal year as that in which judgment is entered is required.[28] Although the City argues that the financial evidence presented is stale because it was tendered four months before the judgment, it does not argue that the municipality had insufficient funds to pay the judgment at the time it was entered. Under these facts, the financial evidence offered by Valley Vista was sufficient to meet the mandate of § 362 that evidence be offered "before final judgment."

### IV

A RULING ON THE ISSUES OF ILLEGALITY OF THE CONTRACT OR IMPOSSIBILITY OF PERFORMANCE WOULD BE PREMATURE BECAUSE THE TRIAL COURT DID NOT ALLOW EVIDENCE TO BE PRESENTED.

The trial court erroneously adopted all findings of fact and conclusions of law from a void judgment; therefore, there has been no resolution of either the factual or legal issues necessary to determine liability. Because the cause must be remanded, any ruling on the issues of illegality of contract or impossibility of performance

would be premature. The award of summary judgment was inappropriate and the cause is reversed and remanded for a new trial.[29]

REVERSED AND REMANDED.

DOOLIN, C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES, SIMMS and OPALA, JJ., dissent.

**A.M.H., Appellant,**

**v.**

---

entered on June 25, 1987, also in Valley Vista's favor.

**28.** The fiscal year the City operates under runs from July 1 to June 30 of the following year. Therefore, the evidence of indebtedness was

presented in the same fiscal year as judgment was entered.

**29.** See, *Bd. of County Comm'rs v. Mayo,* note 14, supra.