2011 OK CIV APP 41

**STATE of Oklahoma, Plaintiff/Appellee,**

v.

**1997 GMC SK1 PICKUP, VIN/ 1GTEK19RVE526824 LIC/BGQ 297 Oklahoma, Defendant/Appellant,**

and

**Brett Clymer, Claimant/Appellant.**

No. 107458.

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 25, 2011.

Dennis A. Smith, District Attorney, Gina R. Webb, Assistant District Attorney, Sayre, Oklahoma, for Plaintiff/Appellee.

Thomas W. Talley, Talley & Talley, Hobart, Oklahoma, for Claimant/Appellant.

JOHN F. FISCHER, Judge.

¶ 1 Brett Clymer appeals the forfeiture of his 1997 GMC SK1 pickup truck. Because his vehicle was used in the commission of a burglary to transport stolen property, we affirm.

## BACKGROUND

¶ 2 Clymer was charged with and pled guilty to knowingly concealing stolen property and transporting stolen property across state lines in Beckham County, Oklahoma. The property involved was stolen by Clymer and others in February or March of 2008 from a barn in Quail, Texas, and brought back to Oklahoma in Clymer's pickup. The charge against Clymer in Texas was reduced to "Theft, Class A," a misdemeanor. Clymer also pled guilty to this charge and received a one-year deferred sentence. The State of Oklahoma filed its petition for forfeiture of the pickup in Beckham County relying on 21 O.S. Supp.2002 § 1738(A).[1] A hearing was held on June 19, 2009, at the conclusion of which the district court granted the State's petition and ordered the pickup forfeited to the Beckham County Sheriff's Department.

¶ 3 Clymer raises two issues in this appeal. First, he contends that he was not convicted of a crime in Oklahoma that would authorize the forfeiture of his vehicle pursuant to section 1738. As Clymer notes, this issue has not been previously resolved. Second, he contends venue was not proper in Beckham County because the theft of property occurred in Texas. We need not address this second issue because Clymer failed to properly raise the issue in the trial court and therefore has not preserved the issue for appellate review.[2]

---

1. The 2002 version of section 1738 is the version applicable to this 2008 forfeiture proceeding. However, because there is no change to the portions of the statute relevant to this appeal, future citations will be to the current version of the statute.

2. An objection to venue is waived if not raised by motion or in the party's responsive pleading. 12 O.S.2001 § 2012(F)(1). Clymer neither filed a motion objecting to venue nor raised that issue in

his answer. Further, Clymer confuses the nature of this proceeding. It is an *in rem* action directed at the vehicle. "[N]o personal liability is imposable in § 1738 forfeitures. It is only the object (or the *res*) to be forfeited which stands liable for unconditional delivery to the State. A forfeiture proceeding is one *in rem*. It is predicated upon the property's illegal use." *State v. One 1965 Red Chevrolet Pickup*, 2001 OK 82, ¶ 10, 37 P.3d 815, 819–20 (footnotes omitted).

## STANDARD OF REVIEW

■ ¶ 4 Clymer's first issue requires construction of 21 O.S. Supp.2010 § 1738. Determining "the meaning and intent of legislative enactments" involves a question of law. *State ex rel. Dep't of Human Servs. v. Baggett,* 1999 OK 68, ¶ 4, 990 P.2d 235, 238. "A legal question involving statutory interpretation is subject to *de novo* review . . . i.e., a non-deferential, plenary and independent review of the trial court's legal ruling." *Heffron v. District Court of Oklahoma County,* 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076 (citation omitted).

## ANALYSIS

■ ¶ 5 Clymer argues that because he was not convicted of burglary, section 1738 does not authorize forfeiture of his vehicle. The relevant portion of that statute provides:

> Any commissioned peace officer of this state is authorized to seize . . . any equipment owned by or registered to the defendant which is used in the attempt or commission of any act of burglary in the first or second degree, motor vehicle theft, unauthorized use of a vehicle, obliteration of distinguishing numbers on vehicles or criminal possession of vehicles with altered, removed or obliterated numbers as defined by Sections 1431, 1435, 1716, 1719 and 1720 of this title or Sections 4–104 and 4–107 of Title 47 of the Oklahoma Statutes. . . .

21 O.S. Supp.2010 § 1738. Clymer's argument fails for two reasons.

¶ 6 First, burglary in the second degree is defined as follows: "Every person who breaks and enters any building . . . in which any property is kept . . . with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree." 21 O.S.2001 § 1435. At the 2009 hearing, Clymer admitted that he used his vehicle to drive to Quail, Texas, steal various items out of a barn, load those items on his truck and transport them back to Beckham County. Clymer also testified that the door of the barn was closed and that he and the others "kind of pushed a little bit . . . barely tapped it" to open the door so they could enter the barn. Any physical force, no matter how slight, satisfies the "breaking" element of burglary in the second degree. *Luker v. State,* 1976 OK CR 135, ¶ 9, 552 P.2d 715, 718. Clymer's testimony admits every element of the crime of burglary in the second degree. Clymer may have pled guilty in Texas to an offense other than burglary in the second degree, but as the State correctly argues, section 1738 does not require that a vehicle owner be convicted of an offense described in the statute before forfeiture is permitted.

¶ 7 On this point, we find persuasive the Supreme Court's reasoning with respect to the forfeiture provision of the Uniform Controlled Dangerous Substances Act (UCDSA):

> The next step in the resolution of the questions before us is to determine whether a subsection 2–503(A)(7) forfeiture is dependent on an in personam criminal charge or conviction for possession. Forfeiture proceedings under title 63, section 2–503 are in rem and civil in nature. *State ex rel. Turpen v. A 1977 Chevrolet Pickup Truck,* 1988 OK 38, ¶ 9, 753 P.2d 1356. Civil forfeiture is based on the legal fiction that the object is guilty of the crime. *Austin v. United States,* 509 U.S. 602, 615–616 [113 S.Ct. 2801, 125 L.Ed.2d 488] (1993) (quoting J.S. Goldsmith, Jr., *Grant Co. v. United States,* 254 U.S. 505, 511 [41 S.Ct. 189, 65 L.Ed. 376] (1921)). Under the common law, in rem civil forfeiture is "independent of, and wholly unaffected by any criminal proceeding in personam." *In re The Palmyra,* 25 U.S. (12 Wheat.) 1, 15 [6 L.Ed. 531] (1827). Thus, the common law does not require section 2–503 forfeitures to be based on a criminal charge, such as possession with intent to distribute, or on a criminal conviction.

*State ex rel. Campbell v. Eighteen Thousand Two Hundred Thirty-Five Dollars,* 2008 OK 32, ¶ 13, 184 P.3d 1078, 1081. Like section 2–503 of the UCDSA, a forfeiture proceeding conducted pursuant to section 1738 is an *in rem* proceeding. *State v. One 1965 Red*

Title 21 O.S. Supp.2010 § 1738(C) specifically provides that notice of the seizure and the forfei-

ture proceeding shall be filed in the county in which the property is seized.

916

*Chevrolet Pickup,* 2001 OK 82, ¶ 10, 37 P.3d at 819–20. "There are no constitutional, statutory or common-law exceptions to any personal property that must stand subject to a § 1738 forfeiture." *Id.* ¶ 19, 37 P.3d at 822. And, there is no language in section 1738 that requires the crime to be committed in Oklahoma before a vehicle used in that crime may be forfeited. What is required by the plain language of section 1738 is that the owner of the vehicle sought to be forfeited use that vehicle in the commission of a crime described in the statute. *See In re Notice of Seizure and Intended Forfeiture of One 1985 Two Door BMW Model 325, VIN No. WBAAB640F1210839, 1985 Texas License Tag 96 PNH,* 1991 OK CIV APP 108, 819 P.2d 722 (holding that an automobile driven to the scene of a burglary was equipment used in the commission of that crime and subject to forfeiture pursuant to section 1738).

¶ 8 Second, section 1738 is not limited to burglaries. Forfeiture is also authorized if Clymer used his truck in the commission of a motor vehicle theft defined by 21 O.S. Supp.2010 § 1720. That statute provides in part: "Any person in this state who shall steal an aircraft, automobile or other automotive driven vehicle, construction equipment or farm equipment, shall be guilty of a felony . . . ." One of the items Clymer admits he stole in Texas and transported back to Oklahoma in Clymer's truck was a four wheel all-terrain vehicle. Prior to the theft in Texas, Clymer admitted that he also drove his truck to Washita County, Oklahoma, and stole another four-wheel vehicle. Clymer used his truck to transport this vehicle back to Beckham County as well. Clymer has raised no argument that would prevent the forfeiture of his truck for these crimes.

## CONCLUSION

¶ 9 It is undisputed that the vehicle that is the subject of this forfeiture proceeding was used in the commission of a burglary and in the theft of motor vehicles. Section 1738 authorizes the State to seek forfeiture of the vehicle based on the circumstances of this case. The district court correctly granted the State's petition for forfeiture, and we affirm that decision.

¶ 10 **AFFIRMED.**

BARNES, P.J., and WISEMAN, J., concur.